FILED
DES MOINES, IOWA
01 APR 23 AM 9:44
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF I[A]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JEFFREY L. BUEHLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL NO.  4-01-CV-80233 |
| v. | ) |
| | ) ANSWER |
| FBL FINANCIAL GROUP, INC., | ) |
| et al., | ) |
| Defendants. | ) |

For its Answer to Plaintiff's Petition at Law ("Petition"), defendants FBL Financial Group, Inc., Farm Bureau Financial Services and Iowa Farm Bureau Federation, Inc. state and aver the following.

### FIRST DEFENSE

1. Defendants admit the allegations of the first paragraph of Plaintiff's Petition.

2. With respect to the second paragraph of the Petition, defendants admit that FBL Financial Group, Inc. was a corporation, incorporated in the State of Iowa and doing business in Polk County, Iowa. Defendants deny the remaining allegations of that paragraph.

3. Defendants admit the allegations of paragraph 3 of the Petition.

4. Defendants admit the allegations of paragraph 4 of the Petition.

5. Defendants admit the allegations of paragraph 5 of the Petition.

6. With respect to the allegations of paragraph 6 of the Petition, defendants admit only that the President, Secretary and Treasurer of Iowa Farm Bureau Federation serve as trustees to the Iowa Farm Bureau Federation and Affiliated Companies Retirement Plan. Defendants deny the remaining allegations of that paragraph.

7. Defendants deny the allegations of paragraph 7 of the Petition.

Pleading # 6

8. Defendants deny the allegations of paragraph 8 of the Petition.

9. Defendants admit the allegations of paragraph 9 of the Petition.

10. Defendants admit the allegations of paragraph 10 of the Petition.

11. Defendants admit the allegations of paragraph 11 of the Petition.

12. Defendants admit the allegations of paragraph 12 of the Petition.

13. Defendants admit the allegations of paragraph 13 of the Petition.

14. Defendants admit the allegations of paragraph 14 of the Petition.

15. Defendants admit the allegations of paragraph 15 of the Petition.

16. Defendants deny the allegations of paragraph 16 of the Petition.

### Count I

1. Defendants incorporate each foregoing paragraph of this Answer in response to paragraph 1 of Count I of the Petition.

2. Defendants deny the allegations of paragraph 2 of Count I of the Petition.

3. Defendants deny the allegations of paragraph 3 of Count I of the Petition.

4. Defendants deny the allegations of paragraph 4 of Count I of the Petition.

5. Defendants deny the allegations of paragraph 5 of Count I of the Petition.

6. Defendants deny the allegations of paragraph 6 of Count I of the Petition.

7. Defendants deny the allegations of paragraph 7 of Count I of the Petition.

### Count II

1. Defendants incorporate each foregoing paragraph of this Answer in response to paragraph 1 of Count II of the Petition.

2. Defendants deny the allegations of paragraph 2 of Count II of the Petition.

3. Defendants deny the allegations of paragraph 3 of Count II of the Petition.

4. Defendants deny the allegations of paragraph 4 of Count II of the Petition.

5. Defendants deny the allegations of paragraph 5 of Count II of the Petition.

6. Defendants deny the allegations of paragraph 6 of Count II of the Petition.

7. Defendants deny the allegations of paragraph 7 of Count II of the Petition.

8. Defendants deny the allegations of paragraph 8 of Count II of the Petition.

9. Defendants deny the allegations of paragraph 9 of Count II of the Petition.

### Count III

1. Defendants incorporate each foregoing paragraph of this Answer in response to paragraph 1 of Count III of the Petition.

2. Defendants deny the allegations of paragraph 2 of Count III of the Petition.

### Count IV

1. Defendants incorporate each foregoing paragraph of this Answer in response to paragraph 1 of Count IV of the Petition.

2. Defendants deny the allegations of paragraph 2 of Count IV of the Petition.

3. Defendants deny the allegations of paragraph 3 of Count IV of the Petition.

4. Defendants deny the allegations of paragraph 4 of Count IV of the Petition.

5. Defendants deny the allegations of paragraph 5 of Count IV of the Petition.

6. Defendants deny the allegations of paragraph 6 of Count IV of the Petition.

7. Defendants deny the allegations of paragraph 7 of Count IV of the Petition.

### Damages

1. Defendants deny the allegations of paragraph 1 of the Damages provision of the Petition, and they oppose the prayer for relief following thereafter.

### SECOND DEFENSE

Plaintiff's Petition, and each Count thereof, fails to state a claim on which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are preempted by ERISA § 514(a), 29 U.S.C. § 1144(a). To the extent that plaintiff has any viable cause of action, it is under ERISA 502(a)(3), 29 U.S.C. § 1132(a)(3).

### FOURTH DEFENSE

ERISA does not provide for a trial by jury, and, otherwise, there is no right to trial by jury of this ERISA matter. Accordingly, the Court should strike plaintiff's request for a jury.

### FIFTH DEFENSE

ERISA provides for equitable relief, and it does not provide for the extracontractual compensatory damages sought by plaintiff. Accordingly, the Court should strike plaintiff's request for such compensatory damages.

### SIXTH DEFENSE

Plaintiff has failed to exhaust his internal plan remedies.

### SEVENTH DEFENSE

Some or all of the defendants are not proper defendants.

**EIGHTH DEFENSE**

By virtue of his acceptance of compensation for any loss, plaintiff's claims fail: he is estopped from asserting the claims of the Petition; and/or, his claims are precluded by virtue of accord and satisfaction and/or payment and/or release and/or waiver.

**NINTH DEFENSE**

Defendants' actions were justified by, and consistent with, the terms of the applicable plan documents and fiduciary duties, and any other duties, owed by defendants under ERISA or other federal, state or common law.

**TENTH DEFENSE**

Defendants reserve the right to assert additional defenses and matters of avoidance as may be disclosed during the course of subsequent investigation and discovery.

WHEREFORE, defendants pray that plaintiff's Petition be dismissed with prejudice, that judgment be entered in favor of defendants on plaintiff's Petition, and that defendants be awarded the costs of this action and attorneys' fees pursuant to ERISA § s502(g)(1), 29 U.S.C. § 1132(g)(1), and such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

STINSON, MAG & FIZZELL, P.C.

By: _____
Scott C. Hecht
1201 Walnut, Suite 2400
P.O. Box 419251
Kansas City, Missouri 64141-6251
Telephone (816) 842-8600
Facsimile (816) 691-3495
shecht@stinson.com

MORAIN, BURLINGAME & PUGH, P.L.C.
Edward G. Parker
5400 University Avenue
West Des Moines, Iowa 50266
Telephone (515) 226-6226
Facsimile  (515) 225-4686
eparker@fbfs.com

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF MAILING

I hereby certify that on this 20th day of April, 2001, a copy of the foregoing was mailed to the following counsel for plaintiffs via first class mail, postage prepaid: Jeff Carter, 630 Insurance Exchange Building, 505 Fifth Avenue, Des Moines, Iowa 50309.

_____
Attorney for Defendants