FILED DES MOINES, I 01 AUG -3 AM 8 SOUTHERN DISTRICT

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION**

JEFFREY L. BEUHLER, Plaintiff, v. FBL FINANCIAL GROUP, INC., et al., Defendants.

Civil No. 4-01-CV 80233

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REVERSE REMOVAL**

Plaintiff Jeffrey Buehler presents the following legal arguments in support of his Motion to Reverse Removal.

## I. THE STATE LAW CLAIMS MADE BY PLAINTIFF DO NOT "RELATE TO AN EMPLOYEE BENEFIT PLAN" SUFFICIENTLY TO TRIGGER ERISA PREEMPTION.

By its own terms, the Employee Retirement Income Security Act of 1974 (ERISA) "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under 1003(b) of this title. . ." 29 U.S.C. Section 1144(a). The question then becomes whether the state law claims raised in the present case "relate to a[n] employee benefit plan" sufficiently to trigger ERISA preemption. The short answer is that they do not.

As the U.S. Supreme Court stated in New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655-57 (1995):

> If [section 1144(a)'s] "relate to" [language] were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes

Pleading # 10

> preemption would never run its course, for really, universally, relations stop nowhere. But that, of course, would be to read Congress' words of limitation as mere sham, and to read the presumption against pre-emption out of the law whenever Congress speaks to the matter with generality.

Thus the relationship between the state law claims and an ERISA plan must reach a minimum level of connection. Furthermore, in considering 1144(a)'s language, the Supreme Court has also held that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n. 21 (1983).

The Supreme Court has also created a two-part test to determine whether a state law relates sufficiently to a plan to trigger ERISA preemption. Under this inquiry, "[a] law 'relates to' a covered employee benefit plan for purposes of 1144(a) if it (1) has a connection with or (2) reference to such a plan." California Division of Labor Standards Enforcement v. Dillingham Constr., 519 U.S. 316 (1997).

**A. Plaintiff's state law claims do not "refer to" ERISA.**

In considering the second prong of the test first, a state law is deemed to have a prohibited reference to an ERISA plan if the law "acts immediately and exclusively upon ERISA plans. . . or where the existence of ERISA plans is essential to the law's operation. . ." Id. Neither is true here. There is nothing about the Iowa common law tort of negligent misrepresentation, the primary claim in this case, that either acts on or is essential to ERISA's operation. Plaintiff's other claims of breach of written contract,

breach or oral contract, and detrimental reliance similarly neither act on nor are essential to ERISA's operation.

In a case very similar to the one at bar, the Eighth Circuit Court of Appeals in 1997 reaffirmed its earlier pronouncement that Missouri's cause of action for negligent misrepresentation was of general application and made no "reference to" ERISA. Wilson v. Zoellner, 114 F.3d 713, 717 (1997). Iowa's cause of action is the same as Missouri's in all relevant respects. See Colgan v. Washington Realty Co., 879 S.W.2d 686, 689 (Mo.App. 1994). Therefore, Iowa's law does not make reference to ERISA, and the second prong is easily satisfied.

**B. Plaintiff's state law claims have no "connection with" ERISA.**

The first element in considering whether a state law relates sufficiently to a plan to trigger ERISA preemption -- the "connection with" prong – does not lend itself as readily to easy analysis. Again, however, the Eighth Circuit Wilson case serves as a good guide because it is nearly "on all fours" with the present case in all relevant respects. In Wilson, the Court considered seven factors in determining the nature of the effect of the state law on the ERISA plan. They are: 1) whether the state law negates an ERISA plan provision; 2) whether the state law affects relations between primary ERISA entities; 3) whether the state law impacts the structure of ERISA plans; 4) whether the state law impacts the administration of ERISA plans; 5) whether the state law has an economic impact on ERISA plans; 6) whether preemption of the state law is consistent with other ERISA provisions; and 7) whether the state law is an exercise of traditional state power.

Wilson, 114 F.3d at 717. In applying these factors to facts substantially identical to those of the present case, the Court held that the state law claim did not have a prohibited "connection with" an ERISA plan. Id. The same result should be reached in this case. Any alleged connection is simply too tenuous. The challenge here, as in the Missouri case, is not to the administration of the plan itself, but to circumstances peripheral to the plan. This is a negligent misrepresentation case, a breach of contract case, and a detrimental reliance case. It is NOT an ERISA case.

## II. THE FEDERAL DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION.

United States District Courts have original jurisdiction of ERISA claims pursuant to 28 U.S.C. Section 1331 and ERISA Section 502(e)(1), 29 U.S.C. Section 1132(e)(1). Because ERISA does not preempt state law in this case as discussed above, that basis for conferring federal court jurisdiction has been eliminated. Furthermore, no other basis for federal court jurisdiction has been pled or exists. Therefore the matter must be remanded to state court.

## III. PLAINTIFF WAS NEVER PROPERLY SERVED WITH NOTICE OF DEFENDANTS' ATTEMPT TO REMOVE THIS ACTION TO FEDERAL COURT.

28 U.S.C. Section 1446(d) requires that "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties. . ." See also Rubio v. Allegheny Intern., Inc., 659 F.Supp. 62 (S.D.Fla. 1987) (holding that notice of removal given 42 days after removal was not "prompt" as required by statute). Such notice was never served on Plaintiff in the present

case. Furthermore, Section 1446(d) dictates that such notice is necessary in order to effect the removal. Removal therefore has not been properly effected in this case, and the matter should be remanded to state court.

ACCORDINGLY, Plaintiff Jeffrey Buehler respectfully requests that the removal of this action to Federal Court be reversed, and that the matter be remanded to Polk County District Court for further proceedings.

Respectfully Submitted by:

Jeff Carter
505 5th Avenue, Suite 630
Des Moines, IA 50309
(515) 557-1960
(515) 557-1967 (fax)
Attorney for Plaintiff

Original: Filed

Copies to:

Scott Hecht
1201 Walnut, Suite 2400
P.O. Box 419251
Kansas City, MO 64141

Edward Parker
5400 University Avenue
West Des Moines, IA 50266

Attorneys for Defendants